**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TAUG WALKER,

    Plaintiff,

v.                                                           Case No. 3:15-cv-210-J-32JRK

F. MOCK, et al.,

    Defendants.

## O R D E R

### I. Status

Plaintiff, an inmate of the Florida penal system, is proceeding in this action on a Third Amended Complaint (Doc. 72) (TAC). Plaintiff names as defendants F. Mock, Assistant Warden for the Suwannee Correctional Institution (SCI); Officer M. Douglas; Officer Roger; Officer Kirkland; and Sergeant Baxley. In his TAC, Plaintiff asserts that Defendants (1) violated his rights against retaliation under the First Amendment, (2) violated his rights against cruel and usual punishment under the Eighth Amendment, (3) violated his rights established under the Religious Land Use and Institutionalized Persons Act (RLUIPA), and (4) committed "intentional negligence" in violation of Florida state law. TAC at 11. Plaintiff seeks a declaratory judgment and monetary damages.

Before the Court is Defendants' Motion for Summary Judgment (Doc. 83) (Defendants' Motion), including exhibits (Def. Ex.). Plaintiff filed his response to the Defendants' Motion. See Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Doc. 85) (Response), including exhibits (Resp. Ex.).

## II. Plaintiff's Allegations

On September 30, 2014, while Roger was escorting mental health staff through G-dorm, Plaintiff told the mental health staff that he wanted to participate in the group session. TAC at 6. Roger then told Plaintiff that "you know we're going to destroy your cell, right?" Id. Plaintiff attended the group session, and while he was at the group session, Kirkland and Roger entered his cell and "began destroying it." Id. Plaintiff requested to leave the group session to return to his cell. Id. at 6-7. Douglas retrieved Plaintiff from the group session and brought him to the middle of G-Dorm where Plaintiff watched "his religious magazines fly out of his cell." Id. at 7. An orderly ultimately swept away Plaintiff's religious magazines, along with his "torah." Id. Plaintiff asked Douglas "why [were] they destroying his cell." Id. Douglas replied "you make us work, we make it hard for you in here. You see that no one else goes to group, you are not special." Id. Then, Plaintiff asked Douglas "why did they throw out his religious material." Id. Douglas replied "we don't accept Jews and Muslims in G-dorm, and I never seen a Jew Nigger." Id. Plaintiff asked for "a grievance," and in response, Douglas "yelled to" Kirkland and Roger "to find a ripped matt." Id. Afterwards, Kirkland and Roger came out of Plaintiff's cell with all of Plaintiff's belongings and threw his belongings on the floor. Id.

Douglas, Kirkland, and Roger (Officer Defendants) began "picking on" Plaintiff because of his religious preferences, and one of the officers stated that "we are about to gas your ass!" Id. As the Officer Defendants began to escort Plaintiff into his cell, Roger said, "Let's take his clothes off outside his cell before we put him in it, so he won't try to keep them." Id. Plaintiff was then placed in his "empty cell" clothed only in his boxers. Id.

2

Lieutenant North came to Plaintiff's cell, and Plaintiff told Lieutenant North about the Officer Defendants' actions and sought a "psyche emergency." Id. Lieutenant North told Plaintiff "[a]fter we gas your ass, you can go psyche." Id. Baxley then came to Plaintiff's cell and sprayed chemical agents inside the cell. Id. at 8. Plaintiff asked to take a shower, but Baxley stated that Plaintiff was "going three rounds." Id. Plaintiff was again sprayed for round two. Id. After the second round, Plaintiff ran to the cell door and stuck his hands out the cell door so he could be handcuffed. Id. Baxley told Plaintiff "move them or I break them." Id. Plaintiff did not remove his hands, so Baxley "slammed the cell's door on Plaintiff's hand." Id.

As a result of Defendants' actions, Plaintiff alleges that he suffered chest pains, a swollen hand that took five weeks to heal, intense pain from the chemical agents, psychological problems, and damaged religious and legal materials. Id. at 9. Additionally, Plaintiff alleges that Douglas has threatened him, written a false disciplinary report against him, and placed him on property restriction for trying to file this action. Id.

### III. Summary Judgment Standard

"'Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.'" Hinkle v. Midland Credit Mgmt., Inc., 827 F.3d 1295, 1300 (11th Cir. 2016) (quoting Jurich v. Compass Marine, Inc., 764 F.3d 1302, 1304 (11th Cir. 2014)); see Fed. R. Civ. P. 56(a). "[T]he dispute about a material fact is 'genuine' ... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Hinkle, 827 F.3d at 1300 (internal quotations and citation omitted).

> If the movant satisfies the burden of production showing that there is no genuine issue of fact, "the nonmoving party must

> present evidence beyond the pleadings showing that a reasonable jury could find in its favor." Shiver v. Chertoff, 549 F.3d 1342, 1343 (11th Cir. 2008) (quotation omitted). [The Court] draw[s] "all factual inferences in a light most favorable to the non-moving party." Id.

Winborn v. Supreme Beverage Co. Inc., 572 Fed. Appx. 672, 674 (11th Cir. 2014) (per curiam).

## IV. Laws and Conclusions

### A. Eighth Amendment Claims Against Mock

Mock argues that Plaintiff's claims against him for any alleged participation in the use of the chemical agents on September 30, 2014, and for failure to intervene in the use of the chemical agents must be dismissed. First, Mock denies that he was present during the use of the chemical agents on Plaintiff on September 30, 2014. Def. Ex. H. Second, Mock asserts that Plaintiff has not presented any evidence that he was present during the use of the chemical agents on Plaintiff. Therefore, Mock contends that he cannot be held liable for participation in the use of the chemical agents or failure to intervene for the use of chemical agents, because he was not in a position to intervene.

Plaintiff admits that he is without evidence to prove that Mock was present during the use of the chemical agents and concedes that summary judgment should be granted in favor of Mock. Response at 3, 5. Therefore, the Court grants summary judgment in favor of Mock as to Plaintiff's Eighth Amendment claims.

### B. First Amendment Retaliation Claim Against Douglas, Kirkland, and Roger

The Officer Defendants state that Plaintiff's First Amendment retaliation claim is based on the fact that his cell was destroyed by Kirkland and Roger in retaliation for attending the group session or requesting to leave the group session. The Officer

4

Defendants argue that attending a group session or requesting to leave a group session is not constitutionally protected speech, and therefore, Plaintiff fails to establish the first element of a First Amendment retaliation claim.

As well, Douglas argues that Plaintiff's First Amendment retaliation claim against him on the basis of a falsified disciplinary report fails because Plaintiff did not exhaust the claim. Nevertheless, even assuming Plaintiff's claim was exhausted, Douglas asserts that Plaintiff was found guilty of the rule underlying the disciplinary report and was afforded due process, and therefore, Plaintiff's claim is barred under O'Bryant v. Finch, 637 F.3d 1207 (11th Cir. 2011).

In response, Plaintiff does not dispute the Officer Defendants' arguments related to the group session or the disciplinary report. Rather, Plaintiff states a completely different basis for his First Amendment retaliation claim. Plaintiff asserts that he was retaliated against because he requested a grievance form. Plaintiff states that, in his TAC, he alleges that he asked "for a grievance," and in response, Douglas "yelled, 'find a ripped mattress in his cell', which is the reason why the officers took Plaintiff's property." Response at 5. Plaintiff states that had Douglas not said "find a ripped mattress," his property wouldn't have been taken out of his cell and his legal material would not have been "wet up" or missing. Id.

To establish a First Amendment retaliation claim,

> the inmate must establish these elements: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech.

5

Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008).

Because Plaintiff does not assert a defense to the Officer Defendants' arguments related to the group session or disciplinary report, the Court concludes that Plaintiff has abandoned his First Amendment retaliation claims related to those matters. Therefore, the Court grants summary judgment (1) in favor of the Officer Defendants related to Plaintiff's First Amendment retaliation claim concerning the group session, and (2) in favor of Douglas related to Plaintiff's First Amendment retaliation claim concerning the disciplinary report. However, the Court finds that Plaintiff has sufficiently supported a First Amendment retaliation claim related to his request for a grievance form that has not been addressed by the Officer Defendants in the motion for summary judgment. Id. ("It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement.") .

### C. Claim Against Douglas For Alleged Threats

Douglas argues that Plaintiff fails to state a claim against him for alleged threats made "as a result of Plaintiff trying to file this instant lawsuit." TAC at 9. Douglas asserts that Plaintiff does not identify when the threats occurred, if the threats were followed through on, or if Plaintiff suffered any injury as a result of the threats.

In the Response, Plaintiff "abandons the claim against M. Douglas for threat[en]ing him for trying to file this instant lawsuit." Response at 5. Therefore, the Court grants summary judgment in favor of Douglas as to Plaintiff's claim related to the threats.

**D. RLUIPA Claim Against Douglas, Kirkland, and Roger**

The Officer Defendants argue that Plaintiff fails to state a claim under RLUIPA. Specifically, the Officer Defendants assert that while Plaintiff alleges that he is Jewish and that the religious materials are the way he practices his religious belief, Plaintiff does not establish how or even if his religious exercise was substantially burdened or whether the particular exercise was grounded in a sincerely held religious belief. But even assuming Plaintiff states a RLUIPA claim, the Officer Defendants further argue that Plaintiff is only entitled to declaratory and injunctive relief, not monetary damages.

"To establish a prima facie case under section 3 of RLUIPA, a plaintiff must demonstrate 1) that he engaged in a religious exercise; and 2) that the religious exercise was substantially burdened." Smith v. Allen, 502 F.3d 1255, 1276 (11th Cir. 2007) abrogated in part on other grounds by Sossamon v. Texas, 563 U.S. 277 (2011). "The plaintiff 'bear[s] the burden of persuasion on whether the . . . government practice that is challenged by the claim substantially burdens the exercise of religion.'" Id. (quoting 42 U.S.C. § 2000cc-2(b)). While there is no definition for the term "substantially burdened," the Eleventh Circuit has stated that "a 'substantial burden' must place more than an inconvenience on religious exercise; a 'substantial burden' is akin to significant pressure which directly coerces the religious adherent to conform his or her behavior accordingly." Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1227 (11th Cir. 2004).

Assuming arguendo Plaintiff has established a RLUIPA claim, he is entitled only to declaratory and injunctive relief, not monetary damages. See Smith, 502 F.3d at 1275. Already realizing this limitation, Plaintiff only seeks declaratory relief for his RLUIPA claim. However, Plaintiff's claim for declaratory relief is now moot because Plaintiff has been

transferred from SCI to Jackson Correctional Institution.[1] See Hathcock v. Cohen, 287 F. App'x 793, 798-99 (11th Cir. 2008) ("To the extent [the plaintiff] seeks injunctive or declaratory relief, his RLUIPA claims are moot because he was transferred from the custody of the BSO to the Florida Department of Corrections."); Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) (explaining an inmate's § 1983 claim for injunctive and declaratory relief are moot once the inmate has been transferred). Therefore, the Court grants summary judgment in favor of Douglas, Kirkland, and Roger as to Plaintiff's RLUIPA claim.

### E. Rehabilitation Act Claim

Defendants contend that Plaintiff fails to state a claim for a violation under the Rehabilitation Act of 1973 (RA), 29 U.S.C. § 794. In particular, Defendants state that Plaintiff has not identified any specific disability that he suffers from or any reasonable modification that he requested, and has not alleged any modification was denied. Moreover, Defendants contend that individuals cannot be sue in their individual capacities under the RA.

In the Response, Plaintiff "abandons this claim against all Defendants." Response at 6. Therefore, the Court grants summary judgment in favor of Defendants as to Plaintiff's RA claim.

### F. Claim Against Mock for Supervisor Liability

Mock contends Plaintiff fails to state a claim against him for supervisor liability under 42 U.S.C. § 1983, and for his involvement in the review of Plaintiff's grievances. In the Response, Plaintiff "abandons this claim against Defendant F. Mock." Response at 6.

---

[1] See Notice of Address Change (Doc. 90).

Therefore, the Court grants summary judgment in favor of Mock as to Plaintiff's claim related to Mock's alleged supervisor liability and Mock's involvement in the review of Plaintiff's grievances.

### G. State Law Claim

In the TAC, Plaintiff alleges that "the actions of defendants Roger, Kirkland, and M. Douglas destroying and taking Plaintiff's legal documents because he went to mental health group, or in failing to intervene to prevent this violation, were done intentionally in violation of the intentional negligence (property damage) under law of Florida." TAC at 11. The Officer Defendants assert that "there is no such thing as the negligent commission of an intentional tort." Defendants' Motion at 15. Further, the Officer Defendants assert that under Florida law, they are immune from suit because Plaintiff is not alleging that they "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28(9)(a). Therefore, the Officer Defendants contend that Plaintiff fails to establish a state law claim.

In the Response, Plaintiff "abandons this claim against all Defendants." Response at 6. Therefore, the Court grants summary judgment in favor of Douglas, Kirkland, and Roger to the extent Plaintiff asserts a state law claim.

### H. Compensatory and Punitive Damages

Defendants argue that Plaintiff's claims for compensatory and punitive damages are barred under 42 U.S.C. § 1997e(e) because Plaintiff fails to allege more than a de minimis physical injury. To the contrary, Plaintiff contends that he has suffered more than a de minimis physical injury that is sufficient for entitlement to compensatory and punitive damages.

Under Eleventh Circuit precedent, "an incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than de minimis) physical injury." Brooks v. Warden, 800 F.3d 1295, 1307 (11th Cir. 2015). While the phrase "more than de minimis" has not been clearly defined, the Eleventh Circuit has held that the injury need not be significant. See Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir. 1999), vacated, 197 F.3d 1059 (11th Cir. 1999), reinstated in relevant part, 216 F.3d 970 (11th Cir. 2000) (en banc).

Plaintiff alleges that his physical injuries includes chest pains, a swollen hand that took five weeks to heal, and intense pain from the chemical agents. Plaintiff submitted a declaration from inmate Jermaine Jackson that stated that in "early November of 2014," Jackson saw that one of Plaintiff's hand was swollen and "[i]t looked like the swollen hands were healing." Resp. Ex. F.

However, the medical examination conducted soon after the use of the chemical agents on Plaintiff on September 30, 2014, revealed that Plaintiff did not suffer any injuries, "respirations [were] even and unlabored," and no medical treatment was needed. Def. Ex. C. Further, Plaintiff submitted a sick call request on October 29, 2014, for chest pains, where he indicated that his chest pains started in "Mid June of 2014," well before the use of the chemical agents, and there was no mention of issues with a swollen hand. Resp. Ex. G.

Thus, there is a genuine issue of material fact as to the injuries sustained by Plaintiff. Moreover, assuming Plaintiff is able to prove his physical injuries, the Court declines at this time to state as a matter law that his injuries were de minimis. Therefore, the Court denies summary judgment in favor of Defendants as to Plaintiff's claims for

compensatory and punitive damages.

### I. Qualified Immunity

Mock contends he is entitled to qualified immunity because he did not commit any constitutional violations. Because the Court grants summary judgment in favor of Mock on the substance of the relevant constitutional claims, the Court need not address his argument with respect to qualified immunity.

Similarly, Kirkland and Roger contend that they are entitled to qualified immunity with respect to the "destruction of Plaintiff's materials" because they did not commit any constitutional violations. Defendants' Motion at 19. The Court has already determined that Plaintiff has sufficiently asserted a First Amendment retaliation claim against Kirkland and Roger related to Plaintiff's request for a grievance form which claim may include evidence of destruction of Plaintiff's materials. Therefore, the Court denies summary judgment in favor of Kirkland and Roger with respect to the destruction of Plaintiff's materials.

### J. Eleventh Amendment Immunity

Defendants contend that to the extent Plaintiff sues them in their official capacities, they are entitled to Eleventh Amendment immunity. As Plaintiff states in his Complaint and the Response, he does not sue Defendants in their official capacities. Therefore, the motion regarding Eleventh Amendment Immunity is moot.

Accordingly, it is hereby

**ORDERED:**

1. Defendants' Motion for Summary Judgment (Doc. 83) is **GRANTED in part and DENIED in part to the extent stated herein**.

2. Plaintiff's Eighth Amendment claims against Defendants Baxley, Douglas, Kirkland, and Roger based upon the use of the chemical agents on Plaintiff and the use of force on Plaintiff's hand;[2] and Plaintiff's First Amendment retaliation claim related to his request for a grievance form against Defendants Douglas, Kirkland, and Roger remain.

3. Defendant F. Mock is **DISMISSED** from this action.

4. Plaintiff's Motion to Rule (Doc. 89) is **DENIED as moot**.

5. Before the Court sets the case for trial, the Court requests that the Magistrate Judge conducts a settlement conference. The Court will administratively close the case until the Magistrate Judge either reports settlement or impasse.

6. The Clerk of Clerk shall administratively close this case.

**DONE AND ORDERED** in Jacksonville, Florida the 7th day of July, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

sflc

c: Honorable James R. Klindt
Taug Walker, #U46790
Counsel of record

---

[2] Defendants did not move for summary judgment on these claims.

12